WILLIAM A. KRAIBUEHLER, Jr., ET AL., PETITIONERS, v. CIVIL SERVICE COMMISSION, CITY OF NEWARK AND JOHN A. BRADY, DIRECTOR OF DEPARTMENT OF PUBLIC AFFAIRS, RESPONDENTS.

Argued May 1, 1945—Decided September 24, 1945.

Before Justices DONGES, HEHER and COLIE.

For the petitioners, *Eisenberg & Spicer*.

For the Civil Service Commission, *Walter D. Van Riper*, Attorney-General (by *John F. Bruther*, Deputy Attorney-General).

For the City of Newark, *Philip J. Schotland* (*Thomas M. Kane*, of counsel).

PER CURIAM.

Petitioner Kraibuehler and fourteen others were employees of the Department of Public Affairs of the City of Newark. On November 15th, 1943, they were advised by the Director of the Department of Public Affairs that it was imperative to retrench in the administrative costs of the department and that he was therefore placing each of the petitioners on a leave of absence from their position for reasons of economy. Petitioners, feeling aggrieved by this action, filed a petition with the Civil Service Commission; hearings were had and on August 1st, 1944, the petition was dismissed. Thereafter, on December 23d, 1944, application was made to a single justice for a writ of *certiorari* which was denied.

Petitioners allege that the lay-offs were illegal because they were not made on a city-wide basis and they rely upon the provisions of *R. S.* 11:22–9 dealing with separation from service for reasons of economy. The city and the Civil Service Commission in their respective briefs rely upon the provisions of *R. S.* 11:22–10 which has to do with the abolition of positions. We are of the opinion that there is a fairly debatable question of law.

The city asserts that the petitioners are guilty of laches in that they waited from August 1st, 1944, when an adverse decision was handed down by the Civil Service Commission, until December 23d, 1944, before making their application for a writ of *certiorari*, which was denied. In view of the

importance to petitioners of the adverse decision before the Civil Service Commission and due to the fact that the questions raised appear to be of novel impression, and that neither the brief of the Civil Service Commission nor of the city and its Director of Public Affairs points out in what respect they are harmed by the delay of five months, we do not think that under the circumstances laches should bar petitioners. The writ will be allowed.